IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| WMS INDUSTRIES, INC. | § | PLAINTIFF |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:06CV977-LG-JMR |
| | § | |
| FEDERAL INSURANCE COMPANY | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER DENYING
FEDERAL PARTIAL SUMMARY JUDGMENT**

BEFORE THE COURT is Defendant Federal Insurance Company's Motion for Partial Summary Judgment [184]. Plaintiff WMS Industries, Inc., initiated this bad faith action against its property and business income insurer Federal, following a dispute over WMS's Hurricane Katrina claims. Federal argues it did not act in bad faith. The Court has considered the parties' submissions, the record, and the relevant legal authority. The motion is denied.

**FACTS AND PROCEDURAL HISTORY**

The Court incorporates by reference the Facts and Procedural History set forth in its Memorandum Opinion and Order Denying Summary Judgment, filed contemporaneously with the instant Opinion.

**DISCUSSION**

STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The Court must view the evidence in the light most

favorable to the non-moving party. *Abarca v. Metro. Transit. Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). A "material fact" is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 325. Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25. "[W]hen a motion for summary judgment is made and supported . . . an adverse party may not rest upon . . . mere allegations or denials . . . but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

Federal moves for a dismissal of the punitive damages claim and argues there is no evidence that it acted in bad faith. WMS responds that this motion is premature at the summary judgment stage. In the alternative, WMS argues that the adjusting history of its claim shows evidence of bad faith.

The Court may pass on the question of bad faith at the summary judgment stage. *See*, *Med. Care Am., Inc. v. Nat'l Union Fire Ins. Co.*, 341 F.3d 415, 425 (5th Cir. 2003). "[A] bad faith refusal claim is an 'independent tort' separable in both law and fact from the contract claim asserted by an insured under the terms of the policy." *Hartford Underwriters Ins. Co. v.*

*Williams*, 936 So. 2d 888, 895 (¶21) (Miss. 2006).  Generally, to prove its claim for bad faith punitive damages, WMS must show (1) Federal lacked an arguable or legitimate basis for denying the claim, and (2) Federal committed a willful or malicious wrong, or acted with gross and reckless disregard of WMS's rights.  *United Am. Ins. Co. v. Merrill*, 978 So. 2d 613, 634 (¶104) (Miss. 2007).  Federal "need only show that it had reasonable justifications, either in fact or in law, to deny payment."  *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 628 (5th Cir. 2008).  The mere fact that Federal's denial of coverage may later prove to be incorrect is insufficient to prove bad faith.  *Liberty Mut. Ins. Co. v. McKneely*, 862 So. 2d 530, 533 (¶9) (Miss. 2003).  However, Federal had a duty to re-evaluate WMS's claim even after the lawsuit was filed.  *Broussard*, 523 F.3d at 629.

     While Federal admits that Katrina caused an impairment to WAP operations at Premises 24, at least through September 11, 2005, it makes no argument why it only paid for the "undamaged" casino WAP loss but still refuses to pay for at least the "damaged" casino WAP loss during this period.  Federal gives no reason for the differential treatment, but states merely that it has paid for all loss.  As set forth in the Court's Memorandum Opinion and Order Denying Summary Judgment, Federal's own adjuster and accounting documents contradict its assertion.  According to them, Federal's $55,000 tender covers only thirteen days' worth of WAP loss from the "undamaged" casinos.  It does not cover any other loss, e.g., WAP loss from the "damaged" casinos.  This is sufficient evidence from which a jury could conclude that Federal lacked an arguable reason for denial of at least this portion of the claim, and thus acted in bad faith.

     In order for punitive damages to be recoverable, however, there also must be evidence of intentional, willful, malicious, or reckless misconduct, or gross negligence.  Federal's position,

3

taken without a proffered reason and in the face of its accountant's and adjuster's undisputed admissions is not only evidence of a lack of arguable basis not to pay for at least this portion of the claim, it evinces at least a reckless disregard for the rights of WMS.  *Dixie Ins. Co. v. Mooneyhan*, 684 So. 2d 574, 584 (Miss. 1996) (punitive damages appropriate where insurer knew its position was wrong).  Not only is there evidence that the $55,000 tender did not cover all losses, there is no evidence to the contrary.

**IT IS THEREFORE ORDERED AND ADJUDGED**, that Federal's [184] Motion for Partial Summary Judgment is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 28th day of October, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE