IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| WMS INDUSTRIES, INC. | § | PLAINTIFF |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:06CV977-LG-JMR |
| | § | |
| FEDERAL INSURANCE COMPANY | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER**
**GRANTING WMS PARTIAL SUMMARY JUDGMENT**

BEFORE THE COURT is Plaintiff WMS Industries, Inc.'s Motion for Partial Summary Judgment [183]. WMS initiated this bad faith action against its property and business income insurer Defendant Federal Insurance Company, following a dispute over WMS's Hurricane Katrina claims. WMS argues that the Business Income/Extra Expenses ("BI/EE") coverage applies to its Katrina losses. The Court has considered the parties' submissions, the record, and the relevant legal authority. The motion is granted.

**FACTS AND PROCEDURAL HISTORY**

The Court incorporates by reference the Facts and Procedural History set forth in its Memorandum Opinion and Order Denying Summary Judgment, filed contemporaneously with the instant Opinion.

**DISCUSSION**

STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The Court must view the evidence in the light most favorable to the non-moving party. *Abarca v. Metro. Transit. Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). A "material fact" is one that might affect the outcome of the suit under the governing law. *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*

The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Id.* at 325.  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted.  *Id.* at 324-25.  "[W]hen a motion for summary judgment is made and supported . . . an adverse party may not rest upon . . . mere allegations or denials . . . but . . . must set forth specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e).

WMS argues that the BI/EE coverage applies, because Hurricane Katrina (a covered peril) inflicted damage at Premises 24 (a covered premises), which caused an impairment of operations that caused lost income and extra expenses.  Federal concedes this point.  Therefore, the Court finds that WMS is entitled to judgment as a matter of law that the BI/EE coverage applies.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that Plaintiff WMS Industries, Inc.'s [183] Motion for Partial Summary Judgment is **GRANTED.**

**SO ORDERED AND ADJUDGED** this the 28th day of October, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE